IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SAMUEL M. ALIA,

                    Petitioner,                                    **8:24CV489**

        vs.

                                                          **MEMORANDUM AND ORDER**

MICHEAL MOBIL,

                    Respondent.

Plaintiff filed a Complaint on December 20, 2024, Filing No. 1-1,[1] and was granted leave to proceed in forma pauperis, Filing No. 7. The Court now conducts an initial review of Plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff sues Michael Mobil to recover damages for defamation, abducting his children and his assets, alienating his family and friends, prompting his deportation, trespass, and battery. The following summarizes his allegations.

Defendant allegedly told others that Plaintiff was condemned to death and lost all his benefits because he stole money. This statement is false. Plaintiff claims Defendant abducted Plaintiff's children, and on March 24, 2024, Defendant stated the children were receiving $500.00 per month. Defendant now controls the children, and only he can permit them to speak with Plaintiff. Filing No. 1-1 at 4, 6.

---

[1] The initial complaint, Filing No. 1, was deficient for lack of a signature. The current operative complaint, Filing No. 1-1, corrected that deficiency and in all other respects, is identical to the filing received on December 20, 2024.

Defendant is allegedly instigating Plaintiff's deportation while making it appear that Plaintiff wants to be deported. Plaintiff believes someone entered his apartment on December 6, 2024, injected him with a substance while he was sleeping, and Defendant is responsible for this home intrusion and injection. Filing No. 1-1 at 6.

Plaintiff alleges that due to Defendant's statements and conduct, his social security and 401K funds were confiscated, he lost his citizenship, and he is alienated from his children, other family members, and friends. Filing No. 1-1 at 4, 6.

Plaintiff asks the court to restore access to his children, and his social security benefits, Medicare, 401k funds, and citizenship. He requests an order discharging him from "the house prison" he is in. Filing No. 1-1 at 7.

The complaint alleges Plaintiff and Defendant are both citizens of Nebraska.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the

2

line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

### A. Release from Confinement

Plaintiff's complaint asks the Court to release him from his "house prison." It is unclear what he is referring to, but liberally construed, he may be asking the Court to set aside an order of confinement. If that is correct, Plaintiff is stating a habeas claim and is barred from asserting that claim in this lawsuit under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B. Subject Matter Jurisdiction

A plaintiff's complaint must sufficiently state the grounds for exercising federal subject matter jurisdiction. Fed. R. Civ. P. 8(a)(1). A federal court must dismiss a case if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper where a plaintiff asserts a non-frivolous claim arising under federal law, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff's complaint fails to state a claim arising under federal law. This Court lacks federal question jurisdiction.

Plaintiff's right to recover in this case, if any, is based on Nebraska state law. In such cases, a federal court may have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Diversity jurisdiction exists if "the citizenship of each plaintiff is different from the citizenship of each defendant," *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(b). Here, Plaintiff and Defendant are both Nebraska citizens. This Court lacks diversity jurisdiction.

## IV. CONCLUSION

Having liberally construed Plaintiff's complaint, Filing No. 1-1, the Court concludes that Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1.     This matter is dismissed without prejudice.

2.     A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

4