IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SAMUEL M. ALIA,

Plaintiff,

vs.

MICHEAL MOBIL,

Defendant.

**8:24CV489**

**MEMORANDUM AND ORDER**

Before the Court is a "Motion to Vacate Judgment" (the "Motion"), filed by Plaintiff Samuel M. Alia ("Plaintiff"). The Court construes Plaintiff's filing either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure, he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion). Ultimately, however, Plaintiff is not entitled to relief under either rule.

As an initial matter, Plaintiff cannot proceed under Rule 59(e). A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). As Plaintiff's Motion was filed on May 15, 2026, *see* Filing No. 18, and the judgment of dismissal he seeks to vacate was entered on September 26, 2025, *see* Filing No. 17, Plaintiff cannot proceed under Rule 59(e) because it was filed well after 28 days from entry of the judgment.

A Rule 60(b) motion need not be filed within a specific timeframe, and instead "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). And,

Rule 60(b), has a much broader scope than Rule 59(e), providing that a judgment may be set aside, inter alia, for “mistake, inadvertence, surprise, or excusable neglect” or for “any other reason that justifies relief,” Fed. R. Civ. P. 60(b)(1), (6). While Rule 60(b) is available to Plaintiff here, ultimately he is not entitled to relief as Plaintiff's case was dismissed due to this Court's lack subject matter jurisdiction. *See* Filing No. 16 at 3-4 (explaining that Plaintiff failed to raise a federal question or establish diversity jurisdiction mandating dismissal). Nothing has changed.

Plaintiff appears to repeat the same allegations in his Motion regarding Defendant Mobil as he did in his Complaint, complaining that Mobil's alleged actions resulted in court proceedings being brought against Plaintiff, Plaintiff's deportation, Plaintiff's loss of funds, and loss of access to his children. *Compare* Filing No. 1 at 6-7, *with* Filing No. 18 at 5-11. While Plaintiff expounds upon the county legal proceedings in his Motion, he does not address, nevertheless allege, any jurisdictional basis under which this Court could exercise jurisdiction over the matter.

Because a federal court must dismiss a case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(3), and as Plaintiff provides no new basis for this Court to exercise subject matter jurisdiction in his Motion, Plaintiff is not entitled to relief. For these reasons IT IS THEREFORE ORDERED: Plaintiff's “Motion to Vacate Judgment,” Filing No. 18, is denied and Plaintiff's case shall remain closed.

Dated this 10th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge